## SUMMERS v. KOLLOCK.

Court En Banc.    August 8, 1925.

1. **Courts. Appeal from decree construing will within exclusive jurisdiction of Supreme Court where no disputed facts involved.**
     Act of May 1, 1925 (Laws 1925, Ch. 100) reorganizing appellate court system reserves in the Supreme Court jurisdiction on appeal of all cases finally determined below—otherwise than on disputed facts, and an appeal from a chancellor's decree construing the provisions of a will, which involves no disputed facts, is within the sole jurisdiction of the Supreme Court.

Appeal from Chancery Court, Loudon County; Hon. J. H. Wallace, Chancellor.

Case transferred to Supreme Court.

John J. Blair, of Loudon, for appellants.

S. P. Dannel, of Loudon, for appellees.

FAW, P. J.   The bill in this case was filed under the Declaratory Judgments Act of 1923, ch. 29, to obtain a construction of certain provisions of the will of R. H. Bell, deceased. No issue of fact arises on the record. By their pleadings the parties submitted to the court the question as to the legal construction and effect of certain provisions of said will, and no proof was taken. The chancellor's decree was favorable to the complainants, and the defendant appealed to the Court of Civil Appeals.

By the terms of the recent "act to reorganize the appellate court system." etc., effective May 1, 1925 (Laws 1925, ch. 100) appellate jurisdiction of all "cases which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts, or in which all of the facts have been stipulated," is reserved to the Supreme Court.

It is evident that no issue of fact was involved in the case presented to the chancery court, and that the case was "finally determinded in the lower court" by a "method not involving a review or determination of the facts." This court therefore has no jurisdiction of the appeal.

Section 17 of the aforesaid "act to reorganize the appellate court system" provides that "all cases in the Court of Civil Appeals on May 1, 1925, that have not been disposed of by that Court, . . . shall be transferred to and disposed of by the appellate court having jurisdiction thereof under the provisions of this act."

The record in the instant case was filed in the Court of Civil Appeals on June 4, 1924, and the case had not been heard or "disposed of" on May 1, 1925.

The case was submitted as on brief May 22, 1925, and counsel were permitted to withhold the record for the preparation of briefs; so that the state of the record touching the question of jurisdiction was not known to the court until the return of the record and briefs, which was after June 15, 1925.

An order will be entered transferring the case to the Supreme Court.

All concur, except Clark, J., absent.

---

Note. The Supreme Court took jurisdiction and tried this case on the record, thereby impliedly affirming the foregoing opinion.